**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIRLEY GRACE KESAULYA; et al., | No. 10-72416 |
| Petitioners, | Agency Nos. A097-614-139 |
| v. | A097-614-140 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Shirley Grace Kesaulya and her son, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the BIA's denial of a motion to reconsider. *Cano-*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review petitioners' contentions related to asylum, equitable tolling of the one-year filing requirement, and reopening to submit additional evidence because petitioners failed to raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Further, we decline to consider the 2010 religious freedom report petitioners reference in their opening brief because our review is limited to the administrative record underlying the agency's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

The BIA did not abuse its discretion in denying petitioners' motion to reconsider their withholding of removal claim in light of this court's disfavored group cases because petitioners did not demonstrate sufficient individualized risk to show it is more likely than not they would be persecuted in Indonesia. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). Finally, we reject petitioners' pattern and practice argument.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**